Kenneth WINZER, Petitioner—
Appellant,

v.

Larry SMALL, Warden, Respondent—
Appellee.

No. 02–55576.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 5, 2003.

Decided June 20, 2003.

Before: HALL, THOMAS, and PAEZ, Circuit Judges.

MEMORANDUM *

Our jurisdiction is limited under 28 U.S.C. § 2254 to considering whether the state court's decisions to instruct the jury on the natural and probable consequences doctrine and to admit evidence regarding Winzer's gang membership and the gang's practice of "rat packing" was contrary to or involved an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d). We find that these decisions did not involve such an application of federal law and therefore AFFIRM the district court's denial of the petition for a writ of habeas corpus.

I.

■ To the extent Winzer argues that, as a matter of clearly established federal law, a murder can *never* be the natural and probable consequence of a misdemeanor, such an argument is foreclosed by our decision in *Spivey v. Rocha,* 194 F.3d 971, 976–77 (9th Cir.1999).

■ Under the specific facts and circumstances of this case, the California Court of Appeal's decision that it was proper for the jury to be instructed regarding the natural and probable consequences doctrine was not "objectively unreasonable," *Lockyer v. Andrade,* 538 U.S. 63, 123 S.Ct. 1166, 1172, 155 L.Ed.2d 144 (2003), because there is no Supreme Court precedent on point. On habeas review, with regard to jury instructions, we must not "engage in a technical parsing of [their] language, ... but instead approach the instructions in the same way that the jury would—with a commonsense understanding of the instructions in the light of all that has taken place at the trial." *Johnson v. Texas,* 509 U.S. 350, 368, 113 S.Ct. 2658, 125 L.Ed.2d 290 (1993) (internal quotations omitted). The jury was presented with evidence that Winzer robbed one person, participated in the violent battery of another, and jumped on the hood and kicked in the windshield of the car wherein the murder victim was shot to death. Based on these circumstances and upon evidence of Winzer's affiliation with a gang reputed to be violent, the jury could have inferred that Winzer knew his compatriot was armed. *See United States v. Abel,* 469 U.S. 45, 53, 105 S.Ct. 465, 83 L.Ed.2d 450 (1984). Moreover, the instruction did not effect a judicial change in the law, violating the *ex post facto* clause.

II.

■ The admission of evidence regarding Winzer's gang membership and of the gang's alleged practice of "rat-packing" similarly does not support granting the writ. The admission of such evidence did

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

not violate the constitutional principles established by *Scales v. United States,* 367 U.S. 203, 81 S.Ct. 1469, 6 L.Ed.2d 782 (1959), because he was not convicted for simply being a member of an illegal organization.

 Winzer's argument that the admission of such evidence violates the California Evidence Code is an argument that we do not have jurisdiction to consider. An inquiry into whether a state court violated its own code of evidence is "no part of a federal court's habeas review of a state conviction." *Estelle v. McGuire,* 502 U.S. 62, 67, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). Rather, "[t]he admission of 'other acts' evidence, which a defendant contends is unduly prejudicial, will violate due process only when there are *no* permissible inferences the jury may draw from the evidence." *Windham v. Merkle,* 163 F.3d 1092, 1103 (9th Cir.1998) (emphasis in original) (internal quotations and citations omitted). The jury could have drawn a permissible inference from this evidence as it tends to show that Winzer knew his compatriots were armed and dangerous.

This not being a conspiracy case, *United States v. Garcia,* 151 F.3d 1243 (9th Cir. 1998) is inapposite.

**AFFIRMED.**